**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50157 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00265-ODW-1 |
| v. | |
| MARY M. BRIDGES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted March 3, 2020[**]

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Mary M. Bridges appeals from the district court's order affirming her bench-trial conviction for assault within maritime jurisdiction, in violation of 18 U.S.C. § 113(a)(5).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bridges contends that the government presented insufficient evidence that

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the assault took place within the special maritime and territorial jurisdiction of the United States. We need not resolve the parties' dispute regarding the standard of review for this claim because it fails even on de novo review. *See United States v. Hong*, 938 F.3d 1040, 1047-48 (9th Cir. 2019). At trial, the government presented expert testimony that the assault occurred at a residence on Oceanview Boulevard on Vandenberg Air Force Base (VAFB), that all of the residences on VAFB are located within a particular area, and that the United States has jurisdiction over that area. Testimony from the victim that that the assault occurred at a VAFB residence located on Oceanview Avenue, rather than Oceanview Boulevard, does not lead us to conclude that "no rational trier of fact could find" that the government established the jurisdictional element of section 113. *See United States v. Nevils*, 598 F.3d 1158, 1169 (9th Cir. 2010) (en banc); *see also United States v. Read*, 918 F.3d 712, 718 (9th Cir. 2019). Rather, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the assault occurred at a location within the jurisdiction of the United States. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The government's opposed motion for judicial notice is denied.

**AFFIRMED.**

19-50157